UNITED STATES DISTRICT COURT SOUTHERN DISTRICT

OF MISSISSIPPI SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

OCT -7 2025

ARTHUR JOHNSTON
BY_____ DEPUTY

Michael Whisenant, Pro se

Inmate #125923

Plaintiff,

Civil Action No. l:25cv298 TBM-Rpm

Hon._____

—v—

VitalCare Health Strategies, in their Corporate
Capacity as a contracted medical provider
for MDOC inmate health care;
Doctor P. Arnold, individually and in their
official capacity as a physician for VitalCore;
Nurse Atticeman Hillman, RN Asst. HSA,
individually and in their official capacity as
Health Services Administrator for VitalCore;
Ms. Kimberly Gurley, individually and in their
official capacity as a nurse for VitalCore;
Ms. Pratton, individually and in their official
capacity as a nurse for VitalCore;
Ms. Lakeshia Williams, individually and in
their official capacity as a nurse for VitalCore;
Superintendent Brand Huffman, individually and
in their official capacity as Superintendent of S.M.C.I.;
Warden Evan Henderson, individually and in their
official capacity as warden of S.M.C.I.,
Defendants

Complaint For Violation of Civil Rights Under
42 U.S.C. §1983 With Jury Demand

## 1. Introduction

This is a civil action filed by Plaintiff Michael Whisenant, a state prisoner incarcerated at South Mississippi Correctional Institution (SMCI), pursuant to 42 U.S.C.§ 1983. Plaintiff seeks damages and injunctive relief based on Defendants deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. Plaintiff alleges systemic failures in medical care policies and practices, and names all Defendants in their Corporate, individual and official Capacities.

## 11. Jurisdiction And Venue

1. This court has jurisdiction Under 28 U.S.C.§1331, because this action arises under the Constitution and Laws of the United States.

2. This court also has jurisdiction under 28 U.S.C.§1343 (a)(3) and (4), because Plaintiff seeks to redress the deprivation of Constitutional rights under color of State law.

3. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violations of his rights under the Eighth Amendment to the United States Constitution, based on Defendants deliberate indifference to his serious medical needs.

4. Venue is proper under 28 U.S.C. § 1391 (b) because the events giving rise to these Claims occurred at South Mississippi Correctional Institution (SMCI) in Leakesville, Greene County, Mississippi, which is located within the Southern Division of the Southern District of Mississippi.

## III. Parties

1. Plaintiff Michael Whisenant at all times relevant was Confined by the Mississippi Department of Corrections (MDOC) at South Mississippi Correctional Institution (SMCI).

2. Defendants VitalCore Health Strategies, LLC, the Contracted Medical Provider at S.M.C.I. ("VitalCore") is sued in its Corporate Capacity. VitalCore is a private

-4-

Corporation Contracted by the Mississippi Department of Corrections (MDOC) to provide medical services to inmates at the South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi.

At all times relevant, VitalCore was responsible for:

a. Establishing and enforcing policies, practices, and customs that governed inmate medical care at (SMCI);

b. Hiring, training, and supervising medical personnel, including physicians, nurses, and administative staff;

c. Ensuring that inmates with serious medical needs received timely and adequate evaluation, treatment, and referral to outside specialists when medically necessary; and

d. Complying with Constitutional Standards of Care under the Eighth and Fourteeth Amendment. Despite these responsibilities, VitalCore, through its policies, practices, and Customs, failed to provide Constitutionally adequate medical care to Plaintiff, including by maintaining

procedures that delayed or denied referral to outside specialists and by failing to ensure timely treatment of serious medical needs. These failures directly contributed to Plaintiff's injury and suffering.

At all times relevant, VitalCore was acting under color of state law and is liable for Constitutional violations committed pursuant to its policies, practices, or customs, and is sued under Monell liability for maintaining those customs, policies, or practices that resulted in the deprivation of Constitutional rights.

**3.** Defendant Dr. P. Arnold, physician for VitalCore, is at all times relevant was, the institution physician at the South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi. In that role, Defendant Arnold was directly responsible for evaluating inmate medical complaints, ordering diagnostic testing, and referring inmates to outside specialists or emergency facilities when medically necessary. Despite these duties, Dr. Arnold was aware of Plaintiff's serious medical

symptoms but failed to provide timely, adequate treatment and delayed or denied necessary referrals to outside specialists. His deliberate failure to act placed Plaintiff at substantial risk of serious harm. At all times relevant, Defendant Arnold was acting under color of state law, is sued individually and in their official capacity.

4. Defendant Attieeman Hillman is sued in both her individual and official capacities. She is, and at all times relevant was, a Registered nurse and Assistant Health Services Administrator employed by VitalCore Health Strategies, LLC, at the South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi.

In her role, Defendant Hillman was responsible for:

A. Receiving and evaluating inmate medical Complaints;

B. Providing nursing Care and triage to assess the urgency of medical needs;

C. Coordinating with medical staff, including physicians, regarding treatment plans;

D. Ensuring that inmates with serious medical conditions were referred to a physician or outside specialist when appropriate; and

E. Assisting in the implementation and compliance with medical policies and protocols established by SMCI and VitalCore.

Despite these responsibilities, Defendant Hillman was aware of Plaintiff's serious medical condition but failed to provide timely action, treatment, or referral, contributing to delays in care and placing Plaintiff at substantial risk of harm.

At all times relevant, Defendant Hillman was acting under Color of state law.

• Individual Capacity: liable for her own acts or omissions in failing to provide adequate care and timely referrals.

• Official Capacity: responsible as an officer at SMCI for enforcing medical policies and ensuring access to Care.

5. Defendant Evan Henderson is sued in both his individual and official capacities. He is, and at all times relevant was, the Warden of Compound 1 at the South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi, responsible for the security and daily operations of that compound.

In his role, Defendant Henderson was responsible for:

a. supervising all security staff and overseeing inmate movement within Compound 1;

b. Ensuring that security policies and procedures allowed inmates access to medical care, including transportation to on-site and outside medical appointments; and

c. Implementing and enforcing MDOC and SMCI policies related to inmate safety and access to care.

Despite these responsibilities, Defendant Henderson failed to ensure Plaintiff could timely access necessary medical treatment, including transport for outside medical care, contributing to delays in care and placing Plaintiff at substantial risk of harm.

At all times relevant, Defendant Henderson was acting under color of state law.

• Individual Capacity: liable for his own acts or omissions in failing to provide timely access to medical care.

• Official Capacity: responsible as an officer of SMCI Compound 1 for enforcing policies and ensuring proper access to care, and subject to injunctive or declaratory relief.

6. Defendant Brand Huffman is sued in both his individual and official capacities. He is, and at all times relevant was, the Superintendent of the South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi, responsible for the overall administration and operation of the facility.

In his role, Defendant Huffman was responsible for:

a. Overseeing all staff at SMCI, including security and medical personnel;

b. Ensuring compliance with MDOC policies and procedures related to inmate healthcare;

c. Supervising grievance procedures and ensuring that inmate complaints, including medical grievances, were addressed appropriately; and

d. Implementing and enforcing policies, practices, and customs affecting inmate access to medical care.

Despite these responsibilities, Defendant Huffman failed to take appropriate action to ensure Plaintiff received necessary medical treatment, including failing to respond to known grievances and to enforce policies that would have provided timely care, placing Plaintiff at substantial risk of harm.

At all times relevant, Defendant Huffman was acting under color of state law.

• Individual Capacity: liable for his own acts or omissions in failing to ensure timely medical care.

• Official Capacity: responsible as Superintendent for enforcing policies, procedures affecting inmate healthcare, and subject to injunctive or declaratory relief.

## IV. Exhaustion of Administrative Remedies

Plaintiff has fully complied with the requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e (a). On 4-29-25, and 5-06-25, Plaintiff submitted a Step 1 grievance through the Mississippi Department of Corrections Administrative Remedy Program (ARP) regarding the denial of medical care. After receiving a response at Step 1, Plaintiff timely filed a Step 2 appeal on 7-15-25. MDOC policy requires that a response be issued within the time limits set forth by the ARP, but no response was ever returned to Plaintiff. Because prison officials failed to respond to the Step 2 grievance, the ARP process was rendered unavailable to Plaintiff. Under Controlling precedent, including **Wilson V. Epps, 776 F.3d 296 (5th Cir. 2015),** and **Days V. Johnson, 322 F.3d 863 (5th Cir. 2003),** Plaintiff has therefore exhausted all administrative remedies that were available to him. See also Attached Exhibits "A, B, C, D, and E"

## V. Factual Background — Grievances and Related Medical Contacts

7. On April 14, 2025, Plaintiff was called to the SMCI medical clinic after submitting multiple sick-call request complaining of chest pain and feeling unwell. At that visit, nurses Kimberly Gurley and Pratton performed blood work and an EKG, and informed plaintiff that his past and present test results "did not look good". The nurses stated that Plaintiff would need referral to an outside Cardiologist because there was nothing more the Clinic could do at S.M.C.I.

8. While the nurses were entering routine results and the referral request into the medical record, they observed multiple prior request in the medical record for Plaintiff to see a Cardiologist, including a most recent request submitted in November 2024 by nurse Lekeshia Williams. Plaintiff asked why, given the multiple referral requests in the record, he had not been scheduled to see a Cardiologist.

The nurses responded that SMCI and MDOC "do not want to pay for it" and that Plaintiff was not the only inmate being denied such outside Care.

9. Plaintiff told the nurses that he feared he would die in prison if he continued to be denied adequate medical care and the opportunity to see a Cardiologist. Plaintiff explained on March 15, 2022, while housed at CMCF 720, he suffered a serious heart attack after medical staff mistakenly changed and had issued him the wrong medication; he was transported off-site for heart surgery and an implantable defibrillator pacemaker was inserted on March 18, 2022 at Merritt Hospital in Jackson, Mississippi. Plaintiff informed the nurses that he had not see a Cardiologist even once Since the implantation and that he was unsure whether the device was malfunctioning or whether he was experiencing recurrent cardiac events. Plaintiff begged the nurses to allow him to see a Cardiologist, explaining that the ongoing uncertainty

and worsening symptoms was causing severe physical and mental deterioration.

10. On April 24, 2025, Plaintiff submitted a Step One grievance through the Mississippi Department of Corrections Administrative Remedy Program ("ARP"), documenting his ongoing chest pain, the April 14 Clinic visit, and the repeated failure to schedule him for a Cardiologist despite multiple referral request in the record. Plaintiff stated in the grievance that he did not want to die in prison, begged to be allowed to see a Cardiologist, and warned that if VitalCore Health Strategies and the prison officials Continued to deny him timely and adequate medical care, his life would be placed at serious risk. Plaintiff also specifically complained that medical Providers and VitalCore were violating policies by refusing to provide adequate care because they did not want to pay for outside treatment. (See Attached Exhibits "A, and B")

11. MDOC officials responded to the April 29, 2025 grievance by advising that Compensation is determined by the Courts and that the ARP does not handle lawsuits or Court matters, and further advised Plaintiff that he could amend and resubmit his grievance in a timely manner. Plaintiff complied, amending his grievance and resubmitting it on May 13, 2025. The amended grievance was never returned to Plaintiff and received no further response from MDOC officials. (See attached Exhibits "A, B and D")

12. On May 6, 2025, Plaintiff submitted a second, Step one grievance through the ARP, again describing his severe chest pain, worsening symptoms, and the denial of adequate medical Care. In this grievance, Plaintiff expressly stated that he feared he would die in prison if he continued to be denied timely access to a Cardiologist, and he begged officials to allow him to see a Cardiologist so that his implanted defibrillator pacemaker and heart condition could be properly evaluated. See Attached Exhibits "C"

13. In their Step One response to the May 6, 2025 grievance, signed by Defendant Dr. P. Arnold and Defendant Nurse Attieeman Hillman, R.N., Assistant HSA. Defendants stated: "Mr. Whisenant, I have checked your medical records and you are scheduled to see a Cardiologist to have your cardiac device checked. Your appointment is scheduled already and is in the next couple of months". (See attached Exhibit "D")

14. Plaintiff timely submitted a Step Two appeal in accordance with MDOC policy, indicating his dissatisfaction with this vague and inadequate response and his intent to exhaust administrative remedies. Prison officials, however, failed to provide a Step Two response and did not advance the ARP further, effectively preventing Plaintiff from proceeding to the next step and rendering further administrative remedies unavailable. (See Exhibit "D")

15. Plaintiff has therefore fully complied with the PLRA, 42 U.S.C. § 1997e(a), by filing grievances and pursuing available administrative remedies to the

extent they were made available to him. Any additional administrative relief was rendered unavailable by Defendants own failure to respond and advance the the grievance process.

16. On July 30, 2025, Plaintiff was finally transported to an outside cardiologist after repeated delays. However, the evaluation was incomplete and inadequate. The Cardiologist lacked Plaintiff's medical records, was unable to determine the cause of Plaintiff's prior heart attack, and did not assess Plaintiff's implanted defibrillator.

17. The Cardiologist documented that Plaintiff's blood pressure was dangerously low and advised that a follow-up appointment and ultrasound would be necessary. Despite this, no treatment was provided on that date, and Defendants failed to ensure Plaintiff received the urgent follow-up care recommended.

18. On September 10, 2025, Plaintiff was transported to see Cardiologist Michael Brewer in Lucedale,

Mississippi, affiliated with Abbott Laboratories in Mobile, Alabama. Plaintiff reported ongoing chest pain and feeling unwell. Dr. Brewer scanned Plaintiff's implanted defibrillator pacemaker and discovered that the device had been left at its factory default setting of 120 beats per minute since its implantation on March 18, 2022, at Merritt Hospital in Jackson, Mississippi.

19. Dr. Brewer explained that the pacemaker defibrillator should have been reset and properly programmed immediately after implantation, and thereafter checked and reprogrammed every six months. Instead, it has never been read or adjusted for more than three years. Dr. Brewer further explained that leaving the device at its factory setting not only failed to regulate Plaintiff's condition properly, but also drastically reduced the battery life to approximately three and a half years.

20. Dr. Brewer immediately reset the device to the correct rate of 60 beats per minute and informed

Plaintiff that the failure to properly program and maintain the device caused him to suffer unnecessary chest pain, fatigue, dangerously low blood pressure, and risk of further cardiac harm. Dr. Brewer stated that Plaintiff should feel significant improvement now that the device had finally been corrected.

21. These recent developments confirm that Defendants' delay and failure to ensure timely and adequate medical care subjected Plaintiff to years of needless pain, dangerously low blood pressure, and risk of worsening cardiac damage. Despite repeated symptoms and specialist recommendations, Defendants failed to provide the most basic follow-up, resulting in Plaintiff's implanted defibrillator pacemaker remaining at an unsafe factory setting for over three years. Only after significant delay did an outside Cardiologist finally discover and correct this life-threatening oversight.

# Claims For Relief

## A. Deliberate Indifference to Serious Medical Needs (Eighth Amendment, 42 U.S.C. § 1983

22. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

23. Defendants acting under color of state law were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983.

24. Plaintiff has a documented history of heart disease, including a prior heart attack, heart surgery, and the implantation of a defibrillator pacemaker in March 2022. This condition presents an objectively serious medical need.

25. Despite Plaintiff's repeated complaints of chest pain, dizziness, shortness of breath, Defendants knowingly and willfully disregarded his need for urgent and ongoing medical evaluation by a cardiologist.

26. Defendants VitalCore Health Strategies, Dr. P. Arnold, Atticeman Hillman, Kimberly Curley, Ms. Pratton, Superintendent Brand Huffman, Warden Evan Henderson, and other MDOC officials each played a role in the denial and delay of adequate medical treatment by:

• Failing to ensure Plaintiff was seen by a Cardiologist after multiple referrals;

• Failing to monitor or interrogate Plaintiff's defibrillator pacemaker for over three years;

• Refusing or obstructing timely outside referrals based on Cost Concerns;

• Providing misleading, vague, or inadequate responses to Plaintiff's grievances; and

• Ignoring Plaintiff's explicit statements that he feared he would die in prison without treatment.

27. Defendants' acts and omissions were not the product of negligence or medical judgement, but of deliberate Indifference, as they were repeatly made aware of Plaintiff's life-threatening medical Condition and consciously disregarded substantial risk or

serious harm.

28. As a direct and proximate result of Defendants' deliberate indifference, Plaintiff suffered severe pain, prolonged physical distress, emotional anguish, and the unnecessary risk of death due to an improperly programmed defibrillator pacemaker left at its factory setting for over three years.

**B. Failure to Protect from Risk of Death**

(Eighth Amendment, 42 U.S.C. §1983)

29. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

The Eighth Amendment requires prison officials and contracted medical providers to take reasonable measures to protect inmates from known, substantial risk of serious harm.

30. On multiple occasions including in his Step one grievances dated April 29, 2025, and May 6, 2025, Plaintiff expressly stated that he feared he would die in prison if Defendants continued to deny him timely and adequate medical care.

31. Plaintiff begged to be allowed to see a Cardiologist, explaining that his life was at risk due to Chest pain, unmonitored heart conditions, and uncertainty about the status of his defibrillator pacemaker implant.

32. Defendants including VitalCore Health Strategies, Dr. P. Arnold, Atticeman Hillman, and other MDOC officials, were put on notice of Plaintiff's dire warnings but Consciously chose not to act with urgency or provide the required care.

33. By disregarding Plaintiff's direct Statement of fear for his life, past submitted Cardiologist requests, and his repeated pleas for specialist care, Defendants knowingly subjected him to unnecessary pain, prolonged suffering, and a substantial risk of death.

34. Defendants' deliberate inaction in the face of explicit warnings constitutes wanton infliction of pain and a violation of Plaintiff's rights to be free from cruel and unusual punishment.

35. As a direct and proximate result of Defendants' failure

to protect Plaintiff from this unknown risk, Plaintiff endured significant physical deterioration, mental anguish, and ongoing danger to his life.

## C. Supervisory Liability (42 U.S.C. §1983)

36. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

37. Defendants Superintendent Brand Huffman, warden Evan Henderson, and other supervisory MDOC officials were personally aware of systemic failures in the provision of medical care, including repeated denials of outside specialists treatment based on cost, yet failed to act to protect Plaintiff.

38. These supervisory Defendants either directly participated in, tacitly authorized, or demonstrated deliberated indifference to the unconstitutional conduct of their subordinates and contractors, including VitalCore Health Strategies and its employees.

39. Their failure to train, supervise, and discipline staff allowed the ongoing denial of Plaintiff's

medical care to continue unchecked, causing Plaintiff significant harm.

**D. Liability of VitalCore Health Strategies, Inc.**
(42 U.S.C. § 1983 and Monell)

40. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

41. Defendant VitalCore Health Strategies, Inc. is a private entity contracted by MDOC to provide medical services to inmates. At all relevant times, VitalCore acted under color of state law.

42. VitalCore maintained policies, customs, or practices that directly caused Plaintiff's constitutional injuries, including:

• A policy or practice of denying or delaying outside specialist referrals to save cost;

• A failure to ensure that implanted medical devices such as defibrillator pacemakers, were timely interrogated, programmed, and monitored;

• A failure to provide adequate staffing, training, and

oversight of medical personnel at SMCI; and

• A practice of obstructing or minimizing inmate grievances regarding serious medical needs.

43. These policies and customs were the moving force behind the violation of Plaintiff's Eighth Amendment rights.

**E. Injunctive Relief**

44. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

45. Plaintiff continues to face a substantial risk of serious harm due to ongoing inadequate medical care and the risk of further cardiac events.

46. Without court intervention, Plaintiff reasonably fears that Defendants will continue to deny or delay necessary cardiology care and monitoring of his defibrillator pacemaker.

47. Plaintiff is entitled to injunctive relief requiring Defendants to:

• Provide regular, timely follow-up with a qualified cardiologist;

-27-

- Ensure his defibrillator pacemaker is properly monitored and interrogated at recommended intervals; and
- Cease any practice of denying outside medical care based on cost.

## Prayer For Relief

**Wherefore**, Plaintiff respectfully request that this Court:

a. Enter judgment in his favor on all Counts;

b. Award compensatory damages in an amount to be determined at trial;

c. Award punitive damages against the individual Defendants to deter future misconduct;

d. Grant declaratory relief that Defendants' conduct violated Plaintiff's constitutional rights;

e. Issue appropriate injunctive relief to ensure Plaintiff receives Constitutionally adequate medical care;

f. Award reasonable costs and attorneys' fees pursuant to 42 U.S.C. §1988;

g. Grant such other relief as this Court deems just and proper; and

h. Alternative damage demand. Compensatory Damages: Award Plaintiff Compensatory damages in an amount to

be determined by the jury at trial, but in no event less than $500,000.00, subject to proof at trial.

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

_____ , ___125923___
Inmate Name                         MDOC Number

___10-7-2025_____
Date

Respectfully Submitted,
Michael Whisenant
Inmate # 125923
S.M.C.I. 1
P.O. Box 1419
Leakesville, MS. 39451

## Verification

I, _Michael Whisenant_, am the Plaintiff in this action. I have read the foregoing Complaint and know the contents thereof. The facts stated in the complaint are true to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

This based on 28 U.S.C § 1746 and will serve as a legally valid verification of the Complaint.

Executed on this __1__ day of __Oct__, 2025

Michael Whisenant
Plaintiff, Pro se
Inmate #125923
South Mississippi Correctional Institution
Leakesville, MS. 39451

_____          125923_____
Signature                      MDOC #

## Certificate of Service

I hereby certify that a copy of the foregoing complaint was mailed, postage prepaid, on this __7__ day of __Oct.__ , 2025, to:

Clerk
United States District Court
Dan M. Russell, Jr. United States Courthouse
2012 15th Street, Suite 403
Gulfport, MS. 39501

MS AG
P.O. BOX 220
Jackson MS
39205

Petitioner

125923
MDOC #

P.O. Box 1419
Address
Leakesville, MS. 39451
Address

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

  1.   If there are any reasons why you did not file a grievance, state them here:

_____

  2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies

_____

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

—2—

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.    Docket or index number

_____

4.    Name of Judge assigned to your case

_____

5.    Approximate date of filing lawsuit

_____

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

—3—

☐ Yes

☒ No

D.     If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)      _____

Defendant(s)     _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.   Docket or index number

_____

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition     _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

-4-

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    _10-7-2025_

Signature of Plaintiff    _____

Printed Name of Plaintiff    _Micheal Whisenant_

Prison Identification #    _125923_

Prison Address    _P.O. Box 1419_

_Leakesville_          _MS_    _39451_
City              State    Zip Code

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Address    _____

_____
City              State    Zip Code

Telephone Number    _____

E-mail Address    _____

—5—

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4. Amount of money that I have in cash or in a checking or savings account:  $ _____ .

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

*Declaration:* I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

X Date: 10-7-2025

X _____
    *Applicant's signature*

X Micheal Whisenant
    *Printed name*